Filed 12/30/21  P. v. Picasso CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICARDO ORACIO PICASSO, <br><br> Defendant and Appellant. | F082561 <br><br> (Tulare Super. Ct. No. VCF288122B) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, and Matthew A. Kearney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

This case comes to us for the third time. Defendant argues, and the Attorney General concedes, that two enhancements imposed pursuant to Penal Code section 667.5, subdivision (b)[1] must be stricken under Senate Bill No. 136 (2019–2020 Reg. Sess.). We accept the concession and order the judgment modified to reflect that these two enhancements are now stricken. We further conclude that remand is unnecessary and will affirm the modified judgment.

## BACKGROUND

Defendant Ricardo Oracio Picasso was charged with the murder of Eric Reyes (count 1; § 187, subd. (a)), the attempted murder of Juan Arredondo (count 2; §§ 664, 187, subd. (a)), shooting at an inhabited dwelling (count 3; § 246), and possessing a firearm (count 4; § 12021, subd. (a)(1).) The information alleged defendant had suffered a prior serious felony under section 667, subdivision (a). The information alleged the same prior conviction also constituted a serious violent felony under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).

The information also alleged that, as to counts 1, 2, and 3, a principal had personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (d) & (e)(1)), and that defendant personally used (§ 12022.53, subd. (b)) and discharged (§ 12022.53, subd. (c)) a firearm. As to counts 1 and 2, it was alleged defendant personally used a firearm under section 12022.5, subdivision (a). The information also alleged each count was committed for the benefit of, at the direction of, or in association with a criminal street gang. (§ 186.22, subd. (b).) Finally, the information alleged defendant had suffered four prior convictions under section 667.5, subdivision (b), for which he served a prison term and did not remain free of prison custody for a period of five years before committing an offense resulting in a felony conviction.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2.

A jury convicted defendant on counts 1, 3, and 4, and found several of the enhancements true. The trial court found the prior conviction enhancements true.

On count 1, the court sentenced defendant to 50 years to life (§ 1170.12, subd. (c)(1)), plus 25 years to life (§ 12022.53, subds. (d) & (e)(1)), plus five years (§ 667, subd. (a)(1)), plus two one-year terms (§ 667.5, subd. (b)), for a total prison term on count 1 of 75 years to life, plus seven years. On count 3, the court sentenced defendant to 30 years to life (§ 186.22, subd. (b)(4)(b), plus 10 years (§ 12022.53, subds. (d) & (e), plus five years (§ 667, subd. (a)(1)), plus two one-year terms (§ 667.5, subd. (b)), for a total prison term on count 3 of 30 years to life, plus 17 years. On count 4, the court sentenced defendant to a doubled mid-term of four years, plus five years (§ 667, subd. (a)(1)) plus one year (§ 667.5, subd. (b)), for a total prison term on count 4 of 10 years. All prison terms were to run consecutively. The remaining counts and special allegations – which would include two of the section 667.5 enhancements – were dismissed.

In defendant's first appeal, this court filed an unpublished opinion, wherein we reduced defendant's conviction on count 1 from first degree to second degree murder, struck the personal firearm use enhancements to counts 1 and 3, stayed defendant's sentence for firearm possession pursuant to section 654, and remanded for resentencing. (*People v. Picasso* (Oct. 27, 2017, F071094) [nonpub. opn.] (*Picasso I*).)

On remand, the court resentenced defendant. On count 1, the court sentenced defendant to 30 years to life, plus a consecutive term of 25 years to life for the firearm enhancement (§ 12022.53, subds. (d)–(e)(1)), plus a consecutive five years for the prior serious felony enhancement (§ 667, subd. (a)(1)), plus two years total for the prior prison term enhancements (§ 667.5). On count 3, the court imposed an aggravated term of seven years, plus a consecutive 25 years to life for the firearm enhancements (§ 12022.53, subds. (d)–(e)(1)), plus a consecutive five years for the prior serious felony enhancement (§ 667, subd. (a)(1).) On count 4, the court imposed an aggravated term of

six years, plus a consecutive five years for prior serious felony enhancement (§ 667, subd. (a)(1)), and two years total for the two prior prison term enhancements (§ 667.5, subd. (b).)

The court decreed the sentence on count 3 was to run consecutive to count 1. The sentence on count 4 was stayed pursuant to section 654.

Defendant again appealed, which we addressed in a nonpublished opinion. We held that Senate Bill No. 1393 (2017–2018 Reg. Sess.) required a remand for resentencing "to allow the trial court to determine whether to strike the section 667, subdivision (a) enhancement." (*People v. Picasso* (Sept. 27, 2019, F077662) [nonpub. opn.] (*Picasso II*).)[2] We expressed no opinion on how the court should exercise its discretion on remand. (*Ibid*.)

At resentencing after *Picasso II*, the trial court observed that defendant had committed a "heinous crime" and that he was "fortunate he's not standing here convicted of first degree murder." The court declined to strike the section 667, subdivision (a) enhancement. Defendant now appeals a third time.

## FACTS[3]

Eric Reyes was shot and killed on October 30, 2011. Defendant was prosecuted as an aider and abettor to Reyes's murder. The prosecution's theory was that another man, Juvenal Navarro, actually fired the shots that killed Reyes.

## DISCUSSION

"Senate Bill 136 amends the circumstances under which a one-year sentence enhancement may be imposed under section 667.5, subdivision (b)." (*People v. Lopez* (2019) 42 Cal.App.5th 337, 339.) "Under this amendment, a one-year prior prison term

---

[2] Defendant requested that we take judicial notice of the records from *Picasso I* and *Picasso II*. The Attorney General does not oppose this request, and we grant it.

[3] Both parties offer very brief summaries of the underlying facts, as they are not dispositive on appeal. We agree and do the same.

enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). [Citation.]" (*Id.* at pp. 340–341.)

The Attorney General concedes that Senate Bill 136 applies retroactively to defendant because his sentence is not yet final. (See *People v. Lopez*, *supra*, 42 Cal.App.5th at pp. 341–342.) As explained below, applying the amended version of section 667.5, subdivision (b) to the present case requires that the enhancements be stricken.

Defendant's section 667.5 enhancements as alleged in the information were based on prior convictions for vehicle theft, possession of a controlled substance, receiving a stolen vehicle, and petty theft with a prior. Because none of these are enumerated sexually violent offenses under Welfare & Institutions Code section 6600, subdivision (b), they cannot form the basis of a section 667.5, subdivision (b) enhancement. (See § 667.5, subd. (b).) Accordingly, we order them stricken.

Defendant suggests we should remand for resentencing. The Attorney General notes remand is unnecessary because the trial court imposed the maximum possible sentence. We agree with the Attorney General. "Because the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion. [Citation.]" (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.) Instead, we will modify the judgment and affirm the modified judgment.

## DISPOSITION

The judgment is modified as follows: the two enhancements imposed pursuant to section 667.5, subdivision (b) are stricken. The trial court is directed to cause to be prepared an amended abstract of judgment reflecting said modification. The court shall forward a certified copy of the same to the appropriate authorities.

With the aforementioned modification, the judgment is affirmed.